59 F.3d 181
NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
 Ross V. MOUNT, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 94-3387.
 United States Court of Appeals, Federal Circuit.
 April 19, 1995.
 
 Before RICH, Circuit Judge, BENNETT, Senior Circuit Judge, and MAYER, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Ross V. Mount requests review of the final decision of the Merit Systems Protection Board (Board), Docket No. CH0752930128-I-1, which affirmed the United States Postal Service's decision to put Mr. Mount in enforced leave status. Because substantial evidence supports the Board's findings and the administrative judge did not abuse his discretion, we affirm.
 
 OPINION
 
 2
 Mr. Mount worked as a custodian for the Postal Service in Scottsburg, Indiana. In 1992, he grew increasingly uncomfortable in his relationships with certain of his coworkers. He began to believe that these other employees, including an assistant postmaster named Kathy Munden, would talk about him behind his back, interfere with his work, and intentionally humiliate him and degrade him. The workers accused by Mr. Mount maintain that they were unaware of any conflict. Other employees testified that the working environment was generally tense and strained, and that favoritism occurred.
 
 
 3
 One day, Mr. Mount felt so threatened at work that, on the advice of his attorneys, he called the sheriff's office to escort him to his car. The postmaster, Mr. Alsup, thereafter put Mr. Mount on administrative leave and directed him to obtain a fitness-for-duty psychiatric examination. In dealing with doctors associated with the Postal Service, Mr. Mount failed to keep certain scheduled appointments and refused to cooperate during others. These refusals were apparently based at least in part on advice of counsel. After trying for several months to obtain the desired medical evaluation, the postmaster placed Mr. Mount in enforced leave status.
 
 
 4
 Mr. Mount appealed to the Board the Postal Service's decision to put him on enforced leave. In a hearing on January 13, 1994, the administrative judge received evidence including medical experts' evaluations and testimony from various employees about the circumstances and situation at Mr. Mount's place of employment. In an initial decision dated April 12, 1994, the administrative judge concluded that (1) the Postal Service was within its rights in putting Mr. Mount on administrative leave and directing a fitness-for-duty examination, (2) that the Postal Service was justified in placing Mr. Mount on enforced leave given his lack of cooperation, and (3) that imposition of enforced leave promoted the efficiency of the service and was within the parameters of reasonableness. Mr. Mount petitioned for review of the initial decision. On May 2, 1994, the Board dismissed Mr. Mount's petition for review, holding that he had failed to present new evidence or point out errors of law, as required by 5 C.F.R. Sec. 1201.115(c) (1995). Thus, the initial decision of the administrative judge became the final decision of the Board.
 
 
 5
 The decision of the Board is entitled to great deference on appeal. We will overturn that decision only if it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, (2) obtained without following procedures required by law, rule, or regulation, or (3) unsupported by substantial evidence. 5 U.S.C. Sec. 7703(c) (1988); Hayes v. Department of the Navy, 727 F.2d 1535, 1537 (Fed. Cir. 1984). Enforced leave for a psychiatric fitness-for-duty examination is an appealable suspension, imposed when the agency determines that retention of the employee on duty might "be injurious to the employee, his fellow workers, or the public." Mercer v. Department of Health & Human Servs., 772 F.2d 856, 858 (Fed. Cir. 1985); Thomas v. General Servs. Admin., 756 F.2d 86, 89 (Fed. Cir.), cert. denied, 474 U.S. 843 (1985).
 
 
 6
 Petitioner asks us to revisit credibility determinations made by the administrative judge. Such determinations are "virtually unreviewable," Clark v. Department of the Army, 997 F.2d 1466, 1473 (Fed. Cir. 1993), cert. denied, 62 U.S.L.W. 3491 (1994); Hambsch v. Department of the Treasury, 796 F.2d 430, 436 (Fed. Cir. 1986). Substantial evidence supported the finding that Mr. Mount was, if not suffering from paranoid personality disorder in the clinical sense, at least exhibiting patterns of behavior sufficiently unusual to cause concern. It is true that the administrative judge's opinion did not explicitly recite all the evidence favorable to Mr. Mount. That fact, however, does not mean that the fact finder failed to consider such evidence. Smith v. Office of Personnel Management, 31 M.S.P.R. 406, 410 (1986); Brown v. Department of the Navy, 25 M.S.P.R. 300, 303 (1984); see Perkin-Elmer Corp. v. Computervision Corp., 732 F.2d 888, 901 (Fed. Cir.), cert. denied, 469 U.S. 857 (1984). There is no need to refer to specific testimony in the initial decision, Coombs v. United States Postal Serv., 41 M.S.P.R. 604, 610 (1989), nor to catalog all the evidence of record. Pifer v. United States Postal Serv., 31 M.S.P.R. 395, 396 n.* (1986); see Marques v. Department of Health and Human Servs., 22 M.S.P.R. 129 (1984), aff'd mem., 776 F.2d 1062 (Fed. Cir. 1985), cert. denied, 476 U.S. 1141 (1986). The administrative judge properly concluded that the Postal Service could require Mr. Mount to obtain a fitness-for-duty examination. The administrative judge did not abuse his discretion in deciding that the Postal Service could place Mr. Mount on enforced leave when he failed to cooperate in obtaining medical evaluations. Likewise, the administrative judge did not abuse his discretion in refusing to credit the perfunctory and conclusory opinions offered by Mr. Mount's own medical experts. The record contains no errors of fact or law on which to predicate a reversal.